[Cite as *State v. Ellis*, 2019-Ohio-3164.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180331 |
| | | TRIAL NO. B-9403355 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JAMES P. ELLIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  August 7, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James P. Ellis*, pro se.

Per Curiam.

{¶1} Defendant-appellant James P. Ellis appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion for: 'Sentencing,' (to correct a fundamental miscarriage of justice)" and "Motion for: 'Issuance of a Final Appealable Order.' " We dismiss the appeal for lack of jurisdiction.

{¶2} In 1995, Ellis was convicted of aggravated murder and aggravated burglary. The trial court imposed prison terms of life for the aggravated murder and ten to 25 years, with ten years of actual incarceration, for the aggravated burglary and ordered that those terms be served consecutively. We affirmed those convictions in the direct appeal. *See State v. Ellis*, 1st Dist. Hamilton No. C-950307, 1996 WL 496930 (Sept. 4, 1996), *appeal not allowed*, 77 Ohio St.3d 1518, 674 N.E.2d 371 (1997).

{¶3} In 2016, Ellis filed with the common pleas court a single document captioned "Motion for: 'Sentencing,' (to correct a fundamental miscarriage of justice)" and "Motion for: 'Issuance of a Final Appealable Order.' " In his combined motions, Ellis asserted that his consecutive sentences are void and thus unenforceable because he had been "ordered" to serve his ten-to-25-year prison term after completing his life term, and that, in the absence of a lawful sentence, the judgment of conviction did not comply with Crim.R. 32(C).

{¶4} In this appeal, Ellis presents a single assignment of error challenging the overruling of his motions. We do not reach the merits of the assignment of error, because we have no jurisdiction to review the judgment overruling the motions.

### No Common Pleas Court Jurisdiction

{¶5} Ellis did not specify in either his "Motion for: 'Sentencing' " or his "Motion for: 'Issuance of a Final Appealable Order' " a statute or rule under which the relief sought might have been afforded. The common pleas court was thus left to "recast" the motions "into whatever category necessary to identify and establish the criteria by which the motion[s] should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus. *Accord State v. Diol,* 1st Dist. Hamilton No. C-180249, 2019-Ohio-2170, ¶ 17; *State v. Black*, 1st Dist. Hamilton No. C-070546, 2008-Ohio-3790, ¶ 4.

{¶6} But the motions did not allege a constitutional violation and thus were not reviewable by the common pleas court under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction). The motions were also not reviewable as motions for a new trial under Crim.R. 33 or as motions to withdraw a guilty or no-contest plea under Crim.R. 32.1, because Ellis was convicted following a jury trial, not upon guilty or no-contest pleas, and his motions did not seek a new trial. The motions were not reviewable under R.C. Chapter 2731 as petitions for a writ of mandamus, under R.C. Chapter 2721 as declaratory judgment actions, or under R.C. Chapter 2725 as petitions for a writ of habeas corpus, because the motions did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motions under Civ.R. 60(B), because Ellis's sentences were reviewable under the procedures provided for a direct appeal. Therefore, the

3

common pleas court had no jurisdiction to entertain the motions. *See State v. Smith*, 1st Dist. Hamilton Nos. C-150445 and C-150446, 2016-Ohio-3521, ¶ 17-19.

*No Court of Appeals Jurisdiction*

{¶7} Moreover, this court has no jurisdiction to review the entry overruling Ellis's postconviction motions for "Sentencing" and "Issuance of a Final Appealable Order." Article IV, Section 3(B)(2), Ohio Constitution, confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶8} The common pleas court's entry overruling Ellis's postconviction motions is not a judgment of conviction. Therefore, the entry is plainly not reviewable under our jurisdiction under R.C. 2953.02 or 2953.08 to review on direct appeal a criminal conviction.

{¶9} An appeals court has jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief. But the entry overruling Ellis's motions was not appealable under R.C. 2953.23(B), because, as we determined, the motion was not reviewable by the common pleas court under the postconviction statutes.

{¶10} An appeals court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" is defined to include an order that "affects a substantial right" in "an action," when that order "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). A final order also includes an order that "affects a substantial right" and is "made in a special proceeding," that is, in "an action or proceeding that is specially created by

4

statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). And a "final order" includes an order that grants or denies "a provisional remedy," that is, a remedy in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4) and (A)(3).

{¶11} The entry overruling Ellis's motions did not, for purposes of the grant of jurisdiction under R.C. 2505.03(A), constitute a "final order" as defined by R.C. 2505.02. The entry was not made in a special statutory proceeding. Because the common pleas court had no jurisdiction to entertain the motions, the entry overruling those motions did not have the effect of determining an "action." Nor did the entry deny a "provisional remedy," when the motions did not seek relief in a proceeding ancillary to an action then pending before the common pleas court. *See* R.C. 2505.02(B)(1), (B)(2), and (B)(4)(a). Thus, because the entry overruling Ellis's motions did not constitute a "final order," R.C. 2505.03(A) did not confer upon this court jurisdiction to review the entry. *See State v. Littlepage*, 1st Dist. Hamilton Nos. C-170207 and C-170157, 2018-Ohio-2959, ¶ 4-12.

{¶12} Finally, a court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And a judgment of conviction is void to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial

court lacks subject-matter jurisdiction or the authority to act. *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16.

{¶13} Ellis's sentences fully conformed with the 1995 versions of R.C. 2929.03(A)(1)(a), 2929.11(B)(1)(a), and 2929.41(B)(1). Those statutes authorized the trial court to impose prison terms of life without parole for aggravated murder and ten to 25 years, with ten years of actual incarceration, for aggravated burglary and to order that those terms be served consecutively.

{¶14} In his motions, Ellis sought relief on the ground that his sentences are void because of the sequence in which his consecutive prison terms had been "ordered" to be served. His sentences, he asserted, were contrary to law, because he was "first ordered to serve a 'non-specified' life sentence * * * [and] to thereafter serve a 'consecutive' prison term of [ten to 25 years, ten] years of which must be served as 'actual incarceration.' "

{¶15} The 1995 version of R.C. 2929.41(C)(4) required that a definite prison term be served before an indefinite term.[1] But the trial court did not "order[]," either at the sentencing hearing or in the judgment of conviction, that Ellis's life term be served before his ten-year-actual-to-25-year term. And the absence from the judgment of conviction of an order concerning the sequence for serving consecutive sentences has not been held to render those sentences void. *See State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 21 and 28 (noting the court's

---

[1] We note that for offenses committed on or after July 1, 1996, the rule governing the Ohio Department of Rehabilitation and Correction's "[d]etermination of stated prison terms and life sentences when multiple terms or sentences are imposed" is set forth in Ohio Adm.Code 5120-2-03.1. The rule provides that an offender serving a life term without parole is ineligible for parole and shall be imprisoned until death, regardless of other prison terms being served. Ohio Adm.Code 5120-2-03.1(H).

three void sentencing errors—failing to impose a statutorily mandated term of postrelease control, a mandatory driver's license suspension, or a mandatory fine— and extending the court's nonjurisdictional "void-sentence jurisprudence" to the imposition of sentences on multiple offenses found by the trial court to be subject to merger under R.C. 2941.25). *See also State v. Detardo*, 6th Dist. Wood No. WD-99-005, 1999 WL 652006, *1 (Aug. 27, 1999) (holding that the common pleas court had no jurisdiction to entertain petitioner's late postconviction claim that serving his indefinite state sentence before his definite three-year federal sentence violated R.C. 2929.41(C)(4) and rendered his state sentence void). Therefore, the sentencing error alleged in Ellis's motions is not subject to correction under the jurisdiction to correct a void judgment.

### *Appeal Dismissed*

{¶16} We have no jurisdiction to review the common pleas court's judgment overruling Ellis's "Motion for: 'Sentencing,' " and "Motion for: 'Issuance of Final Appealable Order.' " Accordingly, we dismiss this appeal.

Appeal dismissed.

**MYERS, P.J., CROUSE** and **WINKLER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.