[Cite as *State ex rel. Ellis v. Ohio Adult Parole Auth.*, 2024-Ohio-2345.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James P. Ellis, | : | |
| Relator, | : | No. 23AP-775 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *James P. Ellis*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Salvatore P. Messina*, and *Adam Beckler*, for respondent.

IN PROHIBTION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, James P. Ellis, initiated this original action requesting a writ of prohibition to issue to respondent, Ohio Adult Parole Authority ("OAPA"), preventing OAPA from undertaking any and all future parole screening procedures. Additionally, Ellis requests an instruction directing OAPA to contact the committing court. OAPA filed a motion to dismiss.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that because Ellis does not demonstrate his underlying convictions and sentences were void, Ellis cannot establish OAPA patently and unambiguously lacks

jurisdiction over his parole proceedings, and, thus, cannot demonstrate entitlement to a writ of prohibition. The magistrate further determined that Ellis' request for an order directing OAPA to contact the committing court is not appropriate for a writ of prohibition. Thus, the magistrate recommends this court grant OAPA's motion to dismiss.

{¶ 3} Ellis filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether the "magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Ellis does not challenge the magistrate's recitation of the pertinent facts; however, Ellis objects to the magistrate's conclusion that OAPA has authority over future parole proceedings because, he argues, his underlying sentence is erroneous.

{¶ 4} Ellis argues the magistrate's decision is "fundamentally unfair," because the record demonstrates the OAPA is relying on "substantive * * * inaccuracies" in his file. (Relator's Objs. at 2.) More specifically, Ellis asserts that because his underlying sentence is erroneous, any attempt by OAPA to rely on that sentence in conducting future parole proceedings would deny him of meaningful consideration for parole. In support, Ellis relies on this court's decision in *Brust v. Ohio Parole Board*, 10th Dist. No. 22AP-581, 2023-Ohio-4104, for his position that OAPA has an obligation to investigate and correct any significant errors in his inmate record.

{¶ 5} Ellis misconstrues the holding in *Brust* as it applies to the instant matter. In *Brust*, this court followed *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270 ("*Keith I*"), and reiterated that " '[w]here there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the [OAPA] has an obligation to investigate and correct any significant errors in the record of the prisoner.' " *Brust* at ¶ 42, quoting *Keith I* at ¶ 28. The remedy, we noted in *Brust*, for substantive inaccuracies at a parole hearing, is a writ of mandamus to correct such errors if the inmate shows: "(1) a credible allegation, supported by evidence, of a substantive inaccuracy or error in the materials relied on at a parole hearing, and (2) that the inaccuracy or error may have prevented the inmate from receiving meaningful consideration for parole, i.e., the allegedly erroneous information was material to the inmate's parole request." *Brust* at ¶ 43, citing *State ex rel. Keith v. Dept. of Rehab. & Corr.*, 153 Ohio St.3d 568, 2018-Ohio-3128, ¶ 16.

{¶ 6} Here, however, Ellis is not challenging a decision by the parole board that denied him parole, nor does he seek a writ of mandamus to correct substantive inaccuracies or errors from a parole hearing. Instead, Ellis requests a writ of prohibition enjoining the OAPA from holding a future hearing. As the magistrate correctly notes, OAPA has jurisdiction, through statutory authority, to conduct parole proceedings with respect to Ellis. *See* R.C. 2967.02 (OAPA "shall administer sections 2697.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and parole"). Further, the First District previously determined Ellis' sentence for aggravated murder and aggravated burglary "fully conformed" with the applicable sentencing statutes. *State v. Ellis*, 1st Dist. No. C-180331, 2019-Ohio-3164, ¶ 13. Thus, because Ellis does not demonstrate his convictions and sentence are void, the OAPA does not lack jurisdiction over his parole proceedings. *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922, ¶ 11 (where the sentencing entries are not void, relator cannot establish the OAPA patently and unambiguously lacks jurisdiction over his parole proceedings).

{¶ 7} Additionally, to the extent Ellis objects to the magistrate's decision on the basis that the magistrate relied on materials outside the record, Ellis does not identify any evidentiary materials the magistrate allegedly considered. Instead, a review of the magistrate's decision indicates the magistrate considered only the pleadings and relevant case law.

{¶ 8} Following our independent review of the record, pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the law. We therefore overrule Ellis' objections to the magistrate's decision and adopt that decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant the OAPA's motion and dismiss this action.

*Objections overruled*;
*motion to dismiss granted*;
*case dismissed.*

MENTEL, P.J., and JAMISON, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James P. Ellis, | : | |
| Relator, | : | |
| | | No.  23AP-775 |
| v. | : | |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 23, 2024

---

*James P. Ellis,* pro se.

*Dave Yost*, Attorney General, *Salvatore P. Messina*, and *Adam Beckler*, for respondent.

---

IN PROHIBTION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 9}   Relator James P. Ellis has filed this original action requesting a writ of prohibition issue to respondent Ohio Adult Parole Authority ("OAPA") preventing OAPA from undertaking any and all future parole screening procedures. Relator also requests an instruction directing OAPA to contact the committing court. OAPA has filed a motion to dismiss.

## I. Findings of Fact

{¶ 10}  1. Relator is an inmate incarcerated at the Marion Correctional Institution in Marion, Ohio.

{¶ 11} 2. OAPA is an administrative section of the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 12} 3. In 1995, relator was convicted and sentenced in two criminal cases in the Hamilton County Court of Common Pleas. *State v. Ellis*, 1st Dist. No. C-180331, 2019-Ohio-3164, ¶ 2. In one case, relator was found guilty, pursuant to a jury verdict, of aggravated murder and aggravated burglary. Relator was sentenced to incarceration for a period of life imprisonment for the count of aggravated murder and 10 to 25 years with 10 years actual incarceration for the count of aggravated burglary, with such periods of incarceration to run consecutively to each other. *See State ex rel. Ellis v. Chambers-Smith* ("*Chambers-Smith*"), 10th Dist. No. 22AP-14, 2023-Ohio-2671, ¶ 12. In the second case, following a plea and finding of guilty for the offense of vandalism, relator was sentenced to a period of incarceration of six months with credit for six months served. *Id*. at ¶ 13. Relator's convictions for aggravated murder and aggravated burglary were affirmed on direct appeal. *State v. Ellis*, 1st Dist. No. C-950307, 1996 Ohio App. LEXIS 3831 (Sept. 4, 1996).

{¶ 13} 4. In 2021, the common pleas court granted relator's motion for jail-time credit. *Chambers-Smith* at ¶ 14.

{¶ 14} 5. On August 1, 2023, this court rendered its decision in a mandamus action brought by relator, in which he sought an order directing ODRC to enforce the 2021 order of the common pleas court granting his motion for jail-time credit. This court dismissed the action, finding that relator had not and could not show that either the common pleas court or ODRC had failed to perform a clear legal duty to which they were obliged. *Chambers-Smith* at ¶ 7.

{¶ 15} 6. Relator filed his petition for writ of prohibition and a motion to proceed in forma pauperis in this action on December 28, 2023. Relator sought the following relief in his petition: "1. issuance of a writ of prohibition enjoining and restraining respondent from any and all future parole screening procedures; and, 2. instruction, directing respondent to forthwith 'contact the committing court immediately' to enable corrective procedures where available." (Compl. at 22.)

{¶ 16} 7. On January 17, 2024, a magistrate's order was issued provisionally granting relator's December 28, 2023 motion to proceed in forma pauperis. In the order,

it was noted that the court will revisit and definitively evaluate relator's status when the case is terminated.

{¶ 17} 8. OAPA filed a motion to dismiss on January 16, 2024.

{¶ 18} 9. On January 19, 2024, relator filed a motion to consolidate this case with *State ex rel. Duncan v. Ohio Adult Parole Authority*, 10th Dist. No. 23AP-771, which was commenced in this court on December 27, 2023 and remains pending.

{¶ 19} 10. Relator filed a motion for appointment of counsel on January 22, 2024.

{¶ 20} 11. On January 23, 2024, OAPA filed a motion in opposition to relator's motion to consolidate.

{¶ 21} 12. On January 30, 2024, relator filed a memorandum contra OAPA's motion to dismiss.

{¶ 22} 13. On February 5, 2024, OAPA filed a reply in support of its motion to dismiss.

{¶ 23} 14. On February 9, 2024, relator filed an "objection and rebuttal" to OAPA's January 23, 2024 motion in opposition to relator's motion to consolidate.

{¶ 24} 15. On February 16, 2024, relator filed a "motion for leave to file responsive objection [and] rebuttal" to OAPA's February 5, 2024 reply in support of its motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 25} OAPA has moved to dismiss this prohibition action for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

## A. Review of a Motion to Dismiss for Failure to State a Claim

{¶ 26} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the petition or complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-

233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 27} Nevertheless, when determining whether a relator's petition or complaint states a claim for a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

{¶ 28} A court reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6) must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., L.L.C. v. Altimate Care, L.L.C.*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

## B. Prohibition

{¶ 29} This court possesses original jurisdiction to issue a writ of prohibition. Ohio Constitution, Article IV, Section 3(B)(1)(d). *See State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 22AP-301, 2023-Ohio-1195, ¶ 8. A writ of prohibition is an extraordinary remedy issuing out of a court of superior jurisdiction that commands an inferior tribunal to cease abusing or usurping judicial functions. *State ex rel. Roush v. Montgomery*, 10th Dist. No. 17AP-791, 2018-Ohio-2098, ¶ 22, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998).

{¶ 30} To be entitled to the requested writ of prohibition, the relator must establish that: (1) the respondent is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, ¶ 16, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 25; *State ex rel. Abernathy v. Lucas Cty. Bd. of Elections*, 156 Ohio St.3d 238, 2019-Ohio-201, ¶ 5, citing *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, ¶ 27. A writ of prohibition, as an extraordinary remedy, is "customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).

## C. Application

{¶ 31} In his petition, relator states that he seeks to enjoin OAPA from undertaking all future parole screening procedures involving relator, specifically those proceedings scheduled for parole consideration on April 1, 2025. Relator also asserts OAPA was patently and unambiguously stripped of jurisdiction to act with respect to parole screening in 2015. Relator claims OAPA was patently and unambiguously divested of jurisdiction to undertake parole proceedings because "[t]here is no judgment upon which OAPA jurisdiction might lie." (Compl. at 5.) Relator states that "OAPA's jurisdiction to act is wholly predicated * * * on its 'lawful privilege to intentionally confine' and where, as here, the Certified 'TRUE COPY TESTE' [sic] Commitment Papers present a clear and obvious

case for 'facial invalidity,' set upon inherently credible evidence in the department's legal file." (Emphasis omitted.) (Compl. at 7.) In his affidavit of verity, relator states that his " 'LIFE IMPRISONMENT' term was not authorized by law nor by statute." (Emphasis omitted.) (Compl. at 10.)

{¶ 32} OAPA argues that this prohibition action must be dismissed pursuant to Civ.R. 12(B)(6) because OAPA's exercise of judicial or quasi-judicial authority in determining an offender's parole status is clearly authorized by law. The creation of OAPA is authorized by R.C. 5149.02, which provides that "[t]here is hereby created in the division of parole and community services of the department of rehabilitation and correction at bureau level an adult parole authority." *See Ellis v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-354, 2020-Ohio-6877, ¶ 26, fn. 5. OAPA "consists of its chief, a field services section, and a parole board." R.C. 5149.02. Pursuant to R.C. 2967.02, OAPA "shall administer sections 2967.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and parole." Thus, OAPA is statutorily created and authorized to administer the parole process.

{¶ 33} This court has previously dismissed an inmate's prohibition action in which the inmate sought to compel OAPA to declare the inmate's parole proceedings void. *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922. In *McIntyre*, the inmate, who was convicted of felony offenses and sentenced to an aggregate prison term of 22 to 46 years, asserted his sentencing entries were deemed a nullity and void by a decision of the Supreme Court of Ohio, which held that his sentencing entries failed to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. The inmate asserted that OAPA's actions based on the sentencing entries were void. This court found that, although the inmate's sentencing entries failed to comport with Crim.R. 32(C) and *Baker*, the sentence imposed by those entries was not void, and, as a result, OAPA's parole determinations premised on the inmate's sentencing entries were lawful. Thus, construing the factual allegations in the inmate's complaint as true, this court found the inmate could not establish OAPA patently and unambiguously lacked jurisdiction over his parole proceedings. *McIntyre* at ¶ 11.

{¶ 34} Here, similar to the claims in *McIntyre*, relator asserts that "[t]here is no judgment upon which OAPA jurisdiction might lie." (Compl. at 5.) Relator claims his

underlying sentence "was not authorized by law." (Compl. at 10.) However, relator's conviction was affirmed on direct appeal and a court held that relator's sentences "fully conformed" with the law in effect at the time of sentencing. *Ellis*, 2019-Ohio-3164, at ¶ 13. The court additionally stated that "the absence from the judgment of conviction of an order concerning the sequence for serving consecutive sentences has not been held to render those sentences void." *Id*. at ¶ 15. Furthermore, there exists no judgment holding relator's convictions and sentences to be void. Therefore, because relator cannot demonstrate his convictions and sentences were void, OAPA is lawfully empowered to undertake parole proceedings with respect to relator as provided by statute and applicable provisions of the Ohio Administrative Code. Construing the factual allegations contained in the complaint to be true and making all reasonable inferences in relator's favor, relator cannot establish OAPA patently and unambiguously lacks jurisdiction over his parole proceedings. As a result, relator cannot establish entitlement to a writ of prohibition.

{¶ 35} Relator also requests relief regarding an instruction to OAPA to " 'contact the committing court immediately.' " (Compl. at 22.) Relator asserts OAPA must so act because OAPA "is not only patently and unambiguously lacking jurisdiction to entertain any future parole screenings, but equally, [OAPA] for want of an ability to afford relator any 'meaningful parole consideration' cannot even grant a parole." (Emphasis omitted.) (Compl. at 19.) As previously discussed, OAPA is authorized by law to exercise authority over relator's parole proceedings. Because OAPA does not patently or unambiguously lack the requisite authority, prohibition will not lie.

{¶ 36} Moreover, the relief requested by relator—namely, an order directing OAPA to contact the committing court—is inappropriate for a writ of prohibition. A writ of prohibition is appropriate only to challenge the jurisdiction or authority of a tribunal exercising judicial or quasi-judicial power. *Suster*, 84 Ohio St.3d at 73, quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21 (1965) (stating that "a writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court"); *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, ¶ 26. " 'If an inferior tribunal patently and unambiguously lacks jurisdiction, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to

correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Fiser v. Kolesar*, 164 Ohio St.3d 1, 2020-Ohio-5483, ¶ 19, quoting *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642 (1999). Thus, the relief sought by relator is outside the correction to an unauthorized exercise of authority afforded by a writ of prohibition. Because OAPA possesses the requisite authority over relator's parole proceedings and because the requested relief is not appropriate for a prohibition action, relator cannot demonstrate entitlement to a writ of prohibition on this basis.

{¶ 37} Therefore, as it is beyond doubt that relator can prove no set of facts that would establish entitlement to the extraordinary remedy of a writ of prohibition, dismissal is warranted.

## D. Conclusion

{¶ 38} Accordingly, it is the decision and recommendation of the magistrate that OAPA's motion to dismiss should be granted and relator's petition dismissed. The following motions are rendered moot: relator's January 19, 2024 motion to consolidate, relator's January 22, 2024 motion for appointment of counsel, and relator's February 16, 2024 "motion for leave to file responsive objection [and] rebuttal" to OAPA's February 5, 2024 reply in support of its motion to dismiss. Insofar as relator's February 9, 2024 filing is considered a motion, such motion is moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.