[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Adult Parole Auth.*, Slip Opinion No. 2025-Ohio-1625.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1625

THE STATE EX REL. ELLIS, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Adult Parole Auth.*, Slip Opinion No. 2025-Ohio-1625.]**

*Prohibition—Adult Parole Authority has jurisdiction to hold parole proceedings for all parole-eligible inmates—Appellant has not shown that parole authority's pending action is unauthorized by law—Appellant failed to prove elements of claim for a writ of prohibition—Court of appeals' dismissal of complaint affirmed.*

(No. 2024-0950—Submitted January 7, 2025—Decided May 8, 2025.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-775, 2024-Ohio-2345.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, James P. Ellis, an inmate at Marion Correctional Institution, has been in prison since his 1995 convictions for aggravated burglary and aggravated murder. He avers that appellee, Ohio Adult Parole Authority, unlawfully fixed an error in his sentencing entry and has been relying on that correction in his parole hearings. So he petitioned the Tenth District Court of Appeals for a writ of prohibition to "enjoin[ ] and restrain[ the parole authority] from any future parole screening procedures" and instruct it to "contact the committing court immediately to enable corrective procedures."

**{¶ 2}** The Tenth District dismissed Ellis's complaint. It reasoned that he did not sufficiently show that the parole authority lacked jurisdiction or relied on erroneous information. The court of appeals additionally pointed out that compelling the parole authority to contact a court is outside the relief afforded by a writ of prohibition. We affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Because we are reviewing the court of appeals' judgment granting the parole authority's motion to dismiss, we accept as true the facts alleged in Ellis's complaint. *See Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

**{¶ 4}** Ellis was convicted of aggravated murder and aggravated burglary almost 30 years ago. He received consecutive prison sentences of 10 to 25 years for the aggravated burglary and life in prison for the aggravated murder. The sentencing entry makes no mention of parole eligibility. Ellis's sentence has been upheld on direct and collateral review. *State v. Ellis*, 1996 WL 496930 (1st Dist. Sept. 4, 1996); *State v. Ellis*, 2019-Ohio-3164 (1st Dist.).

**{¶ 5}** The parole authority and the Bureau of Sentence Computation are both part of the Ohio Department of Rehabilitation and Correction ("DRC"). In 2018, the Bureau of Sentence Computation informed Ellis that although his life

sentence would make him eligible for parole after serving 20 years, his sentence of 10 to 25 years for aggravated burglary added 10 years before parole eligibility. Thus, it explained that Ellis would be eligible for parole after serving 30 years, and it informed Ellis that the parole authority would hold his next parole hearing in April 2025.

**{¶ 6}** Ellis argued that the parole authority had effectively changed his sentence from "life" to "20 years to life" and that such a modification was a judicial function and beyond the parole authority's jurisdiction. He sought a writ of prohibition to prevent the parole authority from holding hearings and to direct it to contact the sentencing court to correct the sentence.

**{¶ 7}** The Tenth District dismissed the complaint. 2024-Ohio-2345, ¶ 8. It first pointed out that prohibition lies only when a respondent has exercised or is about to exercise judicial or quasi-judicial power that is unauthorized by law. *Id.* at *¶*30. The court of appeals held that the parole authority, however, has jurisdiction to conduct proceedings concerning duly convicted parole-eligible inmates. *Id.* at ¶ 34. And second, the court of appeals noted that an order requiring action (such as an order requiring the parole authority to contact a court) is not an appropriate remedy to seek in a complaint for a writ of prohibition. *Id.* at ¶ 36. The court of appeals suggested that if anything, a complaint seeking such an order could sound in mandamus. *Id.* at ¶ 5. Ellis now appeals.

## ANALYSIS

**{¶ 8}** When considering an appeal from a dismissal of a complaint seeking a writ of prohibition for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), our review is de novo. *Turner v. Kelsey*, 2024-Ohio-1506, ¶ 5. We affirm only if, after all the factual allegations set forth in the complaint are presumed true and all reasonable inferences are made in favor of the petitioner, it appears beyond doubt that the petitioner can prove no set of facts that would support

granting him the writ of prohibition. *State ex rel. Welt v. Doherty*, 2021-Ohio-3124, ¶ 11.

**{¶ 9}** As an initial matter, we note that Ellis has petitioned for the wrong writ. In his complaint, he makes two demands for relief. He first asks the court to issue a writ prohibiting the parole authority from holding a hearing until his sentence is corrected. Ellis cites no case in which a court granted a writ of prohibition to prevent the parole authority from conducting a hearing. And although Ellis is right that the parole authority must ensure that an inmate's sentencing record is accurate for meaningful consideration of parole eligibility, *State ex rel. Keith v. Adult Parole Auth.*, 2014-Ohio-4270, ¶28, the proper writ to correct an error in an inmate's sentencing record is *mandamus*, *see id.* at ¶ 8, 15, 32.

**{¶ 10}** Even assuming his case could be pleaded in prohibition, Ellis has not proved the elements of prohibition. A writ of prohibition is proper only if (1) the parole authority is about to exercise or has exercised judicial or quasi-judicial authority, (2) the exercise of that authority is unauthorized by law, and (3) denying the writ would result in injury without recourse in the ordinary course of law. *State ex rel. Fritz v. Trumbull Cty. Bd. of Elections*, 2021-Ohio-1828, ¶9.

**{¶ 11}** Ellis wants to prohibit the parole authority from holding his parole hearing. But Ellis has failed to support his assertion that the parole authority's holding a hearing is not authorized by law. The parole authority has jurisdiction to hold parole proceedings for all parole-eligible inmates. *See* R.C. 2967.02. Because Ellis was sentenced before July 1, 1996, the parole authority applies R.C. Ch. 2967 as it existed at that time. R.C. 2967.021(A). Since Ellis was sentenced to serve life in prison under R.C. 2929.03 and to serve that sentence consecutively to another term of imprisonment, he would become eligible for parole after serving a term of 20 years, plus the minimum term of his consecutive sentence. Former R.C. 2967.13(H); *see* Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6431

(effective Oct. 6, 1994). Ellis has now been in prison for about 30 years and seems to be parole eligible, so the parole authority has jurisdiction to hold hearings in his case.

{¶ 12} Yet Ellis argues that his sentencing order said nothing about parole eligibility. He argues that changing his sentence from life (with parole eligibility not specified) to life with parole eligibility after 20 years exceeds the authority of the parole authority. So Ellis wants the court to prevent the parole authority from holding another hearing in April 2025 and require the parole authority to first ask the sentencing court to correct his sentence.

{¶ 13} Ellis is correct that the sentencing entry does not mention his parole eligibility. But Ellis's parole eligibility is determined by operation of statute. Ellis was found not guilty of the specifications charged in the indictment, so under the law at the time of his sentencing, he would receive life imprisonment with parole eligibility after serving 20 years. Former R.C. 2929.03(C)(1); *see* Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 9-10 (effective Oct. 19, 1981). Had the sentencing entry contradicted this statute, the sentence might have been contrary to law and beyond the power of the parole authority to correct. *See State ex rel. Fraley v. Dept. of Rehab. & Corr.*, 2020-Ohio-4410, ¶ 13 (DRC may not correct a sentence in a way that contradicts the entry); *see also State v. Henderson*, 2020-Ohio-4784, at ¶ 41-42 (rejecting the argument that a statute automatically transformed a sentence into what the legislature intended when a judgment entry specified something contrary to statute).

{¶ 14} But here, the sentencing entry did not contradict the statute. Rather, the judge simply did not specify whether Ellis was parole eligible. Since the sentencing entry is silent about parole, Ellis's parole eligibility is fixed by operation of statute, i.e., former R.C. 2929.03(C)(1) and former R.C. 2967.13(H). *See State ex rel. Thompson v. Kelly*, 2013-Ohio-2444, ¶ 10 (sentences run consecutively by operation of statute even in the sentencing entry's silence). Therefore, the parole

authority will not exceed its authority by holding a hearing. As Ellis has not shown that the parole authority's pending action is unauthorized by law, a writ of prohibition is not proper and we need not consider the remaining elements that Ellis would have to prove to obtain a writ of prohibition.

{¶ 15} Ellis's second request is that the court issue a writ ordering the parole authority to contact the sentencing court for a correcting order. Prohibition, as its name implies, is historically "negative in its nature and forbids the doing of certain things which ought not to be done." High, *A Treatise on Extraordinary Legal Remedies, Embracing Mandamus, Quo Warranto and Prohibition*, § 763, at 707 (3d Ed. 1896). The writ typically prohibits or prevents a judicial or quasi-judicial body from acting beyond the jurisdiction the law has given it. *State ex rel. Booth v. Robinson*, 120 Ohio St. 91, 94 (1929). Ellis does not present any reason why the writ of prohibition should be used to command the parole authority to take a positive action in this case. We therefore deny his request to issue a writ of prohibition ordering the parole authority to contact the sentencing court.

## CONCLUSION

{¶ 16} Ellis asks us to prohibit action that the law permits and to use an extraordinary writ of prohibition to order the parole authority to act. Because he has not proved the elements of a claim for a writ of prohibition, we affirm the Tenth District Court of Appeals' judgment dismissing his complaint.

Judgment affirmed.

_____

James P. Ellis, pro se.

Dave Yost, Attorney General, and Salvatore P. Messina, Assistant Attorney General, for appellee.

_____