OPINION
{¶ 1} Appellant Robert Lee Norris appeals the decision of the Court of Common Pleas, Stark County, which overruled several pro se motions filed by appellant and ordered the Stark County Clerk of Courts to refuse, with some exceptions, further filings without required fees. The relevant procedural history of this case is as follows.
 {¶ 2} On November 12, 1992, the Stark County Grand Jury indicted appellant on one count of kidnapping in violation of R.C. 2905.01, an aggravated felony of the second degree, and two counts of rape in violation of R.C. 2907.02, aggravated felonies of the first degree. All of the counts in the indictment contained specifications, pursuant to former R.C. 2941.142, that appellant had previously been convicted of or pled guilty to aggravated kidnapping, sexual intercourse without consent (2 cts.), and sexual intercourse without consent.
 {¶ 3} Counts one and two (kidnapping and rape) were bifurcated from count three (rape) and tried separately, as count three involved a different victim. A jury trial on the charges contained in counts one and two commenced on July 20, 1993. On July 26, 1993, the jury returned a verdict finding appellant guilty on both counts.
 {¶ 4} A jury trial on the remaining charge of rape as contained in count three of the indictment commenced on August 31, 1993. The jury, on September 3, 1993, returned a guilty verdict.
 {¶ 5} Following a hearing held on September 9, 1993, the trial court found appellant guilty of all three specifications. Thereafter, as memorialized in a journal entry filed on September 10, 1993, the trial court sentenced appellant to an indeterminate term of incarceration of fifteen to twenty-five years, plus a fine of $10,000, on each of *Page 3 
the three counts. The trial court further ordered that the minimum term of fifteen years "shall be served as actual incarceration." The three sentences were to be served consecutively with each other. Appellant's aggregate sentence was thus 45-75 years in prison with total fines of $30,000.
 {¶ 6} Appellant thereupon appealed his conviction and sentence, raising a total of sixteen assigned errors. Upon review, this Court affirmed the judgment of the trial court. See State v. Norris (Feb. 21, 1995), Stark App. No. CA-9436.
 {¶ 7} The trial court issued a nunc pro tunc judgment entry January 4, 1994, in order to direct the Stark County Sheriff to calculate appellant's jail time credit. However, the trial court, in its January 4, 1994, judgment entry only sentenced appellant with respect to the charge of kidnapping.
 {¶ 8} A second nunc pro tunc judgment entry to correct the omissions contained in the first nunc pro tunc judgment entry was issued by the trial court on October 13, 1995. The trial court, in this second nunc pro tunc entry, sentenced appellant to 15-25 years imprisonment for each of the three counts, to be served consecutively, and imposed a $10,000 fine with respect to the kidnapping charge and a $20,000 fine as to each of the two counts of rape. On December 2, 1996, appellant filed a petition for postconviction relief in the trial court. Appellant therein specifically claimed he was denied due process of law because of the trial court's issuance of the two nunc pro tunc judgment entries.
 {¶ 9} In the meantime, appellant sought federal habeas relief. However, his petition for a writ of habeas corpus was denied in the United States District Court, Northern District of Ohio, in May 1996. Appellant then filed an appeal therefrom in the *Page 4 
federal court system. On May 26, 1998, the United States Court of Appeals, Sixth Circuit, affirmed the judgment of the United States District Court denying appellant's petition for a writ of habeas corpus. However, in said opinion, the appeals court indicated that it "agree[d] with appellant that the sudden increase in fines from $30,000 in September of 1993 to $50,000 by August of 1995 needs to be explained since a `nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide.'" See Norris v. Schotten (1998), 146 F.3d 314, 333. Accordingly, the Stark County Court of Pleas thereupon issued a third nunc pro tunc judgment entry on July 9, 1998, clarifying that appellant was to pay an aggregate of $30,000.00 in fines.
 {¶ 10} In response, appellant, on July 21, 1998, filed in the trial court a "Notice of Non-Stipulation and Objection to an Apparent Additional Nunc Pro Tunc-Resentencing Entry Dated `July 9, 1998.'" The trial court issued a judgment entry on August 7, 1998, denying appellant's "objection," ruling in pertinent part that "the entry in this matter was filed to correct prior defects in the prior entries and does not in any way affect any of the defendant's fundamental rights." Appellant's appeal from the trial court's August 7, 1998, judgment entry was later dismissed by this Court based on our conclusion that it was not a judgment from which an appeal would lie.
 {¶ 11} On July 6, 2000, appellant filed a motion for postconviction relief, captioned as a "Motion to Vacate or Set Aside Sentence." On July 7, 2000, the trial denied said motion. Appellant appealed to this Court from the trial court's July 7, 2000 judgment entry. Upon review, this Court affirmed the trial court's decision. See State v. Norris (March 26, 2001), Stark App. No. 2000CA00235. *Page 5 
 {¶ 12} On August 9, 2006, appellant filed, inter alia, a "Petition for Inquiry into Certain Practices." On December 5, 2006, the trial court issued a judgment entry overruling this petition and addressing the following other pleadings and motions: Defendant's Request for Notice of Docket, filed August 2, 2002, Defendant's Petition for Writ of Habeas Corpus, filed November 4, 2002, Defendant's Petition for Inquiry into Certain Practices, filed August 9, 2006, Defendant's Affidavit Certifying Prior Civil Actions and Criminal Appeals, filed August 9, 2006, Defendant's Supplement, filed September 14, 2006, and Defendant's Objection and Rebuttal, filed October 30, 2006. The court further ordered the Stark County Clerk of Courts to "refuse to accept for filing any additional pleadings from the above-named Defendant unless accompanied by the docket fee and court cost fee required, except for direct or delayed appeals from criminal convictions and sentences." Judgment Entry, December 5, 2006, at 1.
 {¶ 13} On December 21, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 14} "I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE STATE OF OHIO'S MOTION FOR PUNITIVE SANCTION AGAINST THE DEFENDANT/APPELLANT IN THE FORM OF REQUIRING DEFENDANT TO PREPAY ALL COSTS AND FEES ASSOCIATED WITH ANY FUTURE PLEADING IN THE COMMON PLEAS COURT WHERE THE TRIAL COURT HAS HISTORICALLY RECOGNIZED DEFENDANT'S TRUE PAUPER' STATUS AND WHERE THE ACTION(S) FORMING THE BASIS FOR SUCH SANCTION(S) WERE INHERENTLY NON-ABUSIVE; FOUNDED ON THE PUBLIC RIGHT TO DEMAND `JUDICIAL NOTICE' OF THE COURT'S OWN DOCKET WHERE A FUNDAMENTAL *Page 6 
MISCARRIAGE OF JUSTICE IS CLEAR AND OBVIOUS ON THE FACE OF SUCH DOCKET(S) AND WHERE SUCH NON-ABUSIVE INQUIRY IS PROTECTED BY BOTH THE OHIO AND FEDERAL CONSTITUTIONS."
 I. {¶ 15} In his sole Assignment of Error, appellant argues the trial court abused its discretion by ordering that his future pleadings will require a prepayment of costs and fees.[1] We disagree.
 {¶ 16} In regard to the specific issue raised herein, appellant's brief in this matter fails to set forth "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App.R. 16(A)(7). Nonetheless, we note that Ohio courts have recognized the necessity of fashioning remedies to preclude the filing of frivolous and repetitious proceedings. See State ex rel. Richard v. Cuyahoga Cty. Bd. ofCommrs. (1995), 100 Ohio App.3d 592, 654 N.E.2d 443. See, also, In reSherrills (2001), 91 Ohio St.3d 1420, 741 N.E.2d 145. In addition to the court actions and motions outlined in the procedural history above, appellant, even by his own count, has filed at least twenty lawsuits, applications for writ, appeals, or other actions within the past five years connected to this case and his current incarceration. See Appellant's "Affidavit Certifying Prior Criminal Appeals and Civil Action (sic)," Dec. 22, 2006. Upon review, we find no abuse of discretion by the trial court in instituting a similar remedy in the case sub judice. *Page 7 
 {¶ 17} The remainder of appellant's argument appears to once again challenge his sentence for his 1992 convictions. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 180,226 N.E.2d 104. The trial court's third and final nunc pro tunc sentencing entry in this case, issued July 9, 1998, has previously withstood various legal challenges by appellant. We find his present arguments barred by the doctrine of res judicata.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Edwards, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
[1] Appellant fails to note that the trial court granted certain exceptions to its prepayment order. *Page 1