[Cite as *State v.Norris*, 2018-Ohio-3482.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 2018CA00007 |
| ROBERT LEE NORRIS | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Case No. 92 CR 2871(A)


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    August 27, 2018


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant


JOHN D. FERRERO,
Prosecuting Attorney,
Stark County, Ohio

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

ROBERT LEE NORRIS, PRO SE
Inmate No. 281-431
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

*Hoffman, J.*

{¶1} Appellant Robert Lee Norris appeals the judgment entered by the Stark County Common Pleas Court overruling his Motion for Relief from Dormant Judgment. Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On November 12, 1992, the Stark County Grand Jury indicted Appellant on one count of kidnapping in violation of R.C. 2905.01, an aggravated felony of the second degree, and two counts of rape in violation of R.C. 2907.02, aggravated felonies of the first degree. All of the counts in the indictment contained specifications, pursuant to former R.C. 2941.142, that Appellant had previously been convicted of or pled guilty to aggravated kidnapping, sexual intercourse without consent (2 counts), and sexual intercourse without consent.

{¶3} Counts one and two (kidnapping and rape) were bifurcated from count three (rape) and tried separately, as count three involved a different victim. A jury trial on the charges contained in counts one and two commenced on July 20, 1993. On July 26, 1993, the jury returned a verdict finding Appellant guilty on both counts.

{¶4} A jury trial on the remaining charge of rape as contained in count three of the indictment commenced on August 31, 1993. The jury, on September 3, 1993, returned a guilty verdict.

{¶5} Following a hearing held on September 9, 1993, the trial court found Appellant guilty of all three specifications. Thereafter, as memorialized in a journal entry filed on September 10, 1993, the trial court sentenced Appellant to an indeterminate term

---

[1] A rendition of the facts is unnecessary for our resolution of the issues raised on appeal.

of incarceration of fifteen to twenty-five years, plus a fine of $10,000, on each of the three counts. The trial court further ordered the minimum term of fifteen years "shall be served as actual incarceration." The three sentences were to be served consecutively with each other. Appellant's aggregate sentence was 45-75 years in prison with total fines of $30,000.

{¶6} Appellant appealed his conviction and sentence, raising a total of sixteen assigned errors. Upon review, this Court affirmed the judgment of the trial court. *See State v. Norris*, 5th Dist. Stark No. CA-9436, 1995 WL 160552 (Feb. 21, 1995).

{¶7} The trial court issued a nunc pro tunc judgment entry January 4, 1994, in order to direct the Stark County Sheriff to calculate Appellant's jail time credit. However, the trial court, in its January 4, 1994, judgment entry only sentenced Appellant with respect to the charge of kidnapping.

{¶8} {¶ 8} A second nunc pro tunc judgment entry to correct the omissions contained in the first nunc pro tunc judgment entry was issued by the trial court on October 13, 1995. The trial court, in this second nunc pro tunc entry, sentenced Appellant to 15-25 years imprisonment for each of the three counts, to be served consecutively, and imposed a $10,000 fine with respect to the kidnapping charge and a $20,000 fine as to each of the two counts of rape. On December 2, 1996, Appellant filed a petition for postconviction relief in the trial court. Appellant therein specifically claimed he was denied due process of law because of the trial court's issuance of the two nunc pro tunc judgment entries.

{¶9} In the meantime, Appellant sought federal habeas relief. However, his petition for a writ of habeas corpus was denied in the United States District Court,

Northern District of Ohio, in May 1996. Appellant filed an appeal therefrom in the federal court system. On May 26, 1998, the United States Court of Appeals, Sixth Circuit, affirmed the judgment of the United States District Court denying Appellant's petition for a writ of habeas corpus. However, in said opinion, the appeals court indicated it "agree[d] with appellant that the sudden increase in fines from $30,000 in September of 1993 to $50,000 by August of 1995 needs to be explained since a 'nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide.' " *See Norris v. Schotten*, 146 F.3d 314, 333 (1998). Accordingly, the Stark County Court of Pleas thereupon issued a third nunc pro tunc judgment entry on July 9, 1998, clarifying Appellant was to pay an aggregate of $30,000.00 in fines.

{¶10} In response, Appellant, on July 21, 1998, filed in the trial court a "Notice of Non-Stipulation and Objection to an Apparent Additional Nunc Pro Tunc-Resentencing Entry Dated 'July 9, 1998.' " The trial court issued a judgment entry on August 7, 1998, denying appellant's "objection," ruling in pertinent part "the entry in this matter was filed to correct prior defects in the prior entries and does not in any way affect any of the defendant's fundamental rights." Appellant's appeal from the trial court's August 7, 1998, judgment entry was later dismissed by this Court based on our conclusion that it was not a judgment from which an appeal would lie.

{¶11} On September 25, 2017, Appellant filed a motion for relief from dormant judgment. He argued the July 9, 1998 nunc pro tunc entry was not properly journalized until July 11, 2003, more than five years after the entry was filed. He argued the judgment became dormant in five years by operation of R.C. 2325.15 and R.C. 2325.17, and could

not be revived by the July 11, 2003, journalization of the entry.  The trial court summarily overruled the motion.

**{¶12}** It is from the January 2, 2018 judgment of the court Appellant prosecutes this appeal, assigning as error:

"I.     WHETHER AN ATTEMPTED JOURNALIZATION OF A DOCUMENT PURPORTING TO BE A JUDGMENT ENTRY (FIVE YEARS AND TWO DAYS AFTER ITS INCEPTION) AND BACK-DATED TO A DATE ON THE JOURNAL (*WITHOUT JUDICIAL ORDER, INSTRUCTION, OR DIRECTION) FOR WHICH THERE EXISTS NO STATUTORY OR CONSTITUTIONAL AUTHORITY FOR DOING SO, VIOLATES DUE PROCESS RENDERING THE PROCEDURE A MERE NULLITY AND VOID.

"II.     WHETHER RES JUDICATA IS APPLICABLE TO A DOCUMENT PURPORTING TO BE A JUDGMENT ENTRY (*WHICH THE STATE OF OHIO OPENLY ADMITS 'WAS NOT JOURNALIZED ON THE DOCKET OF THE COURT,' (NOR SIGNED BY THE PRESIDING JUDGE) WITHIN THE 30-DAY TIME LIMITATION OF:  SUP. R. 7(A); AND CRIM. R. 32(C).

"III.     WHERE NO STATUTORY OR CONSTITUTIONAL AUTHORITY EXISTS (ACCORDING TO THE ASSERTIONS OF THE APPELLEE-STATE) FOR REVIVAL OF A CRIMINAL JUDGMENT (SENTENCE, FINES, AND COSTS) WHICH HAVE NOT BEEN

EXECUTED WITHIN THE FIVE YEAR STATUTORY TIME LIMITATION ENUMERATED IN O.R.C. SECTION 2325.15; AND, ADLAKA V. MONTELLA, 2013 OHIO 1276 – (7TH DIST.), 2013 OHIO APP. LEXIS 1158, AT HN8, IT IS VIOLATIVE OF DUE PROCESS FOR A 'DEPUTY CLERK' TO ENTERTAIN A HYBRID, AFTER-THE-FACT, AND EX PARTE PROCEDURE TO 'REVIVE' SUCH CRIMINAL SENTENCE, FINES, AND COST OUTSIDE DEFENDANT'S PRESENCE AND THE DUE PROCESS PROTECTIONS OF THE FOURTEENTH AMENDMENT."

## I., II., III.

**{¶13}** Appellant's assignments of error all center around his claim the July 9, 1998, nunc pro tunc judgment was not journalized until more than five years after its entry, and such journalization constituted an improper "revival" of the judgment under Ohio's Dormant Judgment Act, R.C. 2323.15 and R.C. 2323.17.

**{¶14}** On August 9, 2006, Appellant filed a "Petition for Inquiry Into Certain Practices." In his petition, he raised the argument the clerk of courts failed to journalize the July 9, 1998 nunc pro tunc sentencing entry in a timely fashion. He argued because the entry was not journalized, it was void and his conviction and sentence was improper. In response, the State argued the Stark County Clerk of Courts criminal docket properly docketed the judgment entry. The trial court overruled Appellant's motion, adopting the State's response memorandum. Judgment Entry, December 5, 2006. The court further ordered the clerk to refuse to accept for filing any additional pleadings from Appellant

unless accompanied by the docket fee and court cost fee required, except for direct or delayed appeals from criminal convictions and sentences.

{¶15} Appellant appealed the December 5, 2006 judgment, assigning error solely to the portion of the court's entry ordering the clerk to refuse to accept any filings from him unless accompanied by the docket fee and court cost. *State v. Norris,* 5th Dist. Stark No. 2006 CA 00384, 2007-Ohio-2467.

{¶16} "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. * * * Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it." *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 6, *citing State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8. Appellant failed to challenge the court's ruling the July 9, 1998 entry was properly jouranlized in his appeal from the December 5, 2006, judgment, and is prohibited by the doctrine of res judicata from asserting this claim now. Therefore, the court's finding the July 9, 1998 was timely journalized is the law of the case.

{¶17} Further, the July 9, 1998 nunc pro tunc entry bears an "entered by" stamp and a time stamp indicating the entry was filed July 9, 1998 at 3:19 p.m. The docket shows the entry as filed July 9, 1998. A time stamp reflecting a judgment entry has been received for filing is sufficient to provide notice of journalization by the clerk and complies with the requirement of Crim.R. 32(C). *State v. Orr*, 8th Dist. Cuyahoga No. 100166, 2014-Ohio-501, ¶ 5.

{¶18} Appellant's argument of improper revival of a dormant judgment is based upon his assertion the July 9, 1998 entry was not docketed until July 11, 2003. He is barred by res judicata from raising this claim again, and the record further reflects the entry was journalized properly. We therefore find no error in the trial court's judgment overruling his motion for relief from dormant judgment.

{¶19} Appellant first, second and third assignments of error are overruled.

{¶20} The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur