[Cite as *State ex rel. Norris v. Ohio Adult Parole Auth.*, 2025-Ohio-583.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert Lee Norris, | : | |
| Relator, | : | |
| v. | : | No. 24AP-7 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on February 20, 2025

---

**On brief:** *Robert Lee Norris*, pro se.

**On brief:** *Dave Yost,* Attorney General, and *Marcy Vonderwell* for respondent.

---

IN PROHIBITION
ON OBJECTION TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Robert Lee Norris, initiated this original action requesting this court issue a writ of prohibition preventing respondent, the Ohio Adult Parole Authority ("OAPA"), from undertaking any and all future parole screening procedures as to his case. He contends that the July 9, 1998 nunc pro tunc judgment entry controlling his term of incarceration is void because it was neither signed nor journalized by the sentencing court. OAPA moved to dismiss on the grounds of res judicata.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. The magistrate sua sponte converted the OAPA's motion to a motion for summary judgment, *see* Civ.R. 12(B), provided the parties notice of the conversion, and gave the parties additional time to file responsive pleadings

and any Civ.R. 56 evidentiary materials.  The magistrate issued the appended decision on November 6, 2024, including findings of fact and conclusions of law.  In that decision, the magistrate determined that because Mr. Norris has challenged the facial validity of the July 9, 1998 nunc pro tunc judgment entry on multiple occasions in multiple jurisdictions, and in each instance, the courts determined that the July 9, 1998 nunc pro tunc judgment entry is valid and controlled Mr. Norris's incarceration time, the claims raised in Mr. Norris's petition for a writ of prohibition are barred by res judicata.  Thus, the magistrate recommends that we grant OAPA's motion for summary judgment on Mr. Norris's claims, deny the requested writ, and deny Mr. Norris's pending motions.

{¶ 3}   Mr. Norris now objects to the magistrate's conclusions of law, as discussed in our analysis below.  His objections were timely filed under Civ.R. 53(D)(3)(b).  We must therefore independently review the objected-to matters and evaluate whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).  Mr. Norris does not object to the magistrate's findings of fact.  Having reviewed the record and the magistrate's factual findings—and in the absence of any objection thereto—we find no error in the magistrate's determinations of the facts and thus adopt them as our own.

{¶ 4}   Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶ 8, quoting Civ.R. 56(C).  "A writ of prohibition may issue to correct the result of a prior jurisdictionally unauthorized action '[i]f an inferior tribunal patently and unambiguously lack[ed] jurisdiction.' " *State ex rel. Holman v. Ohio Adult Parole Auth.*, 2023-Ohio-692, ¶ 10, quoting *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642 (1999).  OAPA has jurisdiction, through statutory authority, to conduct parole proceedings.  *See* R.C. 2967.02 (OAPA "shall administer sections 2697.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and parole").

{¶ 5}   Through his objections, Mr. Norris argues the magistrate erred in concluding the OAPA has authority—i.e., jurisdiction—over future parole proceedings involving him. While acknowledging the principles of res judicata generally, Mr. Norris nonetheless objects "on the ground that there is a patent absence of an adequate state corrective

procedure in cases involving '**substantial legal errors and inaccuracies**' in the inmate file which patently and unambiguously strips the [OAPA] of jurisdiction, power[,] and authority to act." (Emphasis in original.) (*See* Nov. 18, 2024 Obj. at 1-3.) Broadly, Mr. Norris argues the magistrate's decision is fundamentally unfair and implicates due process issues because the record demonstrates OAPA is relying on substantial inaccuracies in his file. (*See* Obj. at 2-20.) In support, Mr. Norris relies on this court's decision in *Brust v. Ohio Parole Board*, 2023-Ohio-4104 (10th Dist.) for his position that OAPA has an obligation to investigate and correct any significant errors in his inmate record. (*See* Obj. at 4-5, 19-20.)

{¶ 6} However, Mr. Norris misconstrues the holding in *Brust* as it applies to the instant matter. In *Brust*, this court followed the Supreme Court of Ohio's holding in *State ex rel. Keith v. Ohio Adult Parole Auth.*, 2014-Ohio-4270 ("*Keith I*"), and reiterated that " '[w]here there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the [OAPA] has an obligation to investigate and correct any significant errors in the record of the prisoner.' " *Brust* at ¶ 42, quoting *Keith I* at ¶ 28. The remedy for substantive inaccuracies at a parole hearing is a writ of mandamus to correct such errors if the inmate shows "(1) a credible allegation, supported by evidence, of a substantive inaccuracy or error in the materials relied on at a parole hearing, and (2) that the inaccuracy or error may have prevented the inmate from receiving meaningful consideration for parole, i.e., the allegedly erroneous information was material to the inmate's parole request." *Brust* at ¶ 43, citing *State ex rel. Keith v. Dept. of Rehab. & Corr.*, 2018-Ohio-3128, ¶ 16. *See also State ex rel. Ellis v. Ohio Adult Parole Auth.*, 2024-Ohio-2345, ¶ 5 (10th Dist.).

{¶ 7} Here, however, Mr. Norris is not challenging a decision by the parole board that denied him parole. Nor does he seek a writ of mandamus to correct substantive inaccuracies or errors from a parole hearing. Instead, Mr. Norris requests a writ of prohibition enjoining OAPA from holding a future hearing because, he contends, the July 9, 1998 nunc pro tunc judgment entry controlling his term of incarceration is void, as it was not signed or journalized on the court docket until 2003. *See* Crim.R. 32(C) ("The judge shall sign the judgment [of conviction] and the clerk shall enter it on the journal.").

{¶ 8}   As the magistrate correctly noted, Mr. Norris has unsuccessfully challenged the validity of the July 9, 1998 nunc pro tunc judgment entry and the resulting sentence on multiple occasions. (*See* Appended Mag.'s Decision at ¶ 35.)  Indeed, in two previous cases, the Fifth District Court of Appeals found that res judicata barred Mr. Norris from raising this argument again because courts in previous cases had already rejected it.  *See, e.g., State v. Norris*, 2007-Ohio-2467, ¶ 10, 17 (5th Dist.); *State v. Norris*, 2018-Ohio-3482, ¶ 13-19 (5th Dist.).  " 'Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit.' " *State ex rel. Woods v. Jenkins*, 2024-Ohio-1753, ¶ 7, quoting *Hughes v. Calabrese*, 2002-Ohio-2217, ¶ 12.

{¶ 9}   Because Mr. Norris has previously raised the same argument he alleges here, the magistrate properly determined that his petition was barred by res judicata. *Woods* at ¶ 8, citing *State ex rel. Newell v. Gaul*, 2013-Ohio-68, ¶ 2 (applying res judicata to a claim that was based on Crim.R. 32(C)).

{¶ 10}  Since Mr. Norris cannot demonstrate, as a matter of law, that his convictions and sentence are void, the OAPA does not lack jurisdiction over his parole proceedings. *See Ellis* at ¶ 6, citing *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 2021-Ohio-922, ¶ 11 (10th Dist.) (where the sentencing entries are not void, relator cannot establish OAPA patently and unambiguously lacks jurisdiction over his parole proceedings); *State ex rel. Duncan v. Ohio Adult Parole Auth.*, 2024-Ohio-5994, ¶ 3-8 (10th Dist.) (rejecting relator's challenge to OAPA's authority to hear and adjudicate the issue of relator's parole based on an allegedly deficient judgment of conviction).  Thus, we find no error in the magistrate's determination that no genuine issues of material fact remain to be litigated and that OAPA is entitled to judgment in its favor as a matter of law under Civ.R. 56(C).

{¶ 11}  Based on the foregoing and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law.  As such, we overrule Mr. Norris's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we grant OAPA's motion for summary judgment, deny Mr. Norris's pending motions, and deny the requested writ.

*Objections overruled*;
*motion for summary judgment granted*;
*writ of prohibition denied.*

JAMISON, P.J. and MENTEL, J., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert Lee Norris, | : | |
| Relator, | : | |
| v. | : | No.  24AP-7 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on November 6, 2024

*Robert Lee Norris*, pro se.

*Dave Yost*, Attorney General, and *Marcy Vonderwell*, for respondent.

IN PROHIBITION
ON MOTIONS

{¶ 12} Relator, Robert Lee Norris, has filed this original action seeking a writ of prohibition ordering respondent, Ohio Adult Parole Authority ("OAPA"), to cease and desist from all future parole screening procedures involving relator based upon substantive errors in the materials upon which OAPA relied. OAPA has filed a motion to dismiss, which the magistrate has converted to a motion for summary judgment.

Findings of Fact:

{¶ 13} 1. Relator is a prisoner incarcerated at Marion Correctional Institution.

{¶ 14} 2. OAPA is an administrative section of the Ohio Department of Rehabilitation and Correction and conducts release-consideration hearings on all parole-eligible inmates, among other things.

{¶ 15} 3. Thorough recitations of the pertinent factual and procedural history can be found in *State v. Norris*, 5th Dist. No. 2006 CA 00384, 2007-Ohio-2467 ("*Norris I*"), and *State v. Norris*, 5th Dist. No. 2018CA00007, 2018-Ohio-3482 ("*Norris II*"). The general underlying facts, as gleaned from *Norris I* and *Norris II*, are as follows: (1) on November 12, 1992, a grand jury indicted relator on one count of kidnapping and two counts of rape; (2) in bifurcated trials, juries found relator guilty of all counts; (3) in a September 10, 1993, journal entry, the trial court sentenced relator and imposed fines, and relator appealed; (4) in *State v. Norris*, 5th Dist. No. CA-9436 (Feb. 21, 1995), the Fifth District Court of Appeals affirmed the trial court; (5) the trial court issued a nunc pro tunc judgment entry on January 4, 1994, directing the county sheriff to calculate relator's jail-time credit; (6) the trial court issued a second nunc pro tunc judgment entry on October 13, 1995, to correct the omissions contained in the first nunc pro tunc judgment entry; (7) on December 2, 1996, relator filed a petition for postconviction relief in the trial court, claiming he was denied due process of law because of the trial court's issuance of the two nunc pro tunc judgment entries; (8) in the meantime, relator sought federal habeas relief, which was denied in the United States District Court, Northern District of Ohio, in May 1996; (9) upon appeal, the United States Court of Appeals, Sixth Circuit, affirmed the judgment of the United States District Court denying relator's petition for a writ of habeas corpus, but agreed with relator that the increase in fines in the nunc pro tunc entries needed to be explained; (10) on July 9, 1998, the trial court issued a third nunc pro tunc judgment entry, clarifying relator was to pay an aggregate of $30,000.00 in fines; (11) on July 21, 1998, relator filed in the trial court a Notice of Non-Stipulation and Objection to an Apparent Additional Nunc Pro Tunc-Resentencing Entry Dated July 9, 1998; (12) on August 7, 1998, the trial court denied relator's "objection," ruling in pertinent part that the July 9, 1998, entry was filed to correct prior defects in the prior entries and does not in any way affect any of relator's fundamental rights; (13) relator's appeal from the trial court's August 7, 1998, judgment entry was dismissed based on the conclusion that it was not a judgment from which an appeal would lie; (14) on August 9, 2006, relator filed in the trial court a Petition for Inquiry Into Certain

Practices, in which relator asserted that the clerk of courts failed to journalize the July 9, 1998, nunc pro tunc sentencing entry in a timely fashion, and, thus, it was void and his conviction and sentence were improper; the trial court denied the motion, found that the clerk of courts' criminal docket properly docketed the judgment entry, and ordered the clerk to refuse to accept for filing any additional pleadings from relator unless accompanied by the required docket fee and court cost fee; (15) relator appealed the trial court's judgment in *Norris I* but assigned as error only the portion of the court's entry ordering the clerk to refuse to accept any filings from him unless accompanied by the docket fee and court cost; (16) the court of appeals in *Norris I* affirmed the trial court's decision that relator's future pleadings will require a prepayment of costs and fees; (17) on September 25, 2017, relator filed a motion for relief from dormant judgment in the trial court, arguing that the July 9, 1998, nunc pro tunc entry was not properly journalized until July 11, 2003, more than five years after the entry was filed, and it became dormant by operation of R.C. 2325.15 and 2325.17; the trial court overruled the motion; (18) relator appealed, and in *Norris II*, the court of appeals affirmed the trial court's judgment. The court's rulings in *Norris I* and *II* are discussed in further detail infra.

{¶ 16}  4. Relator filed a petition for writ of prohibition with this court on January 2, 2024.

{¶ 17}  5. In his petition for writ of prohibition, relator alleges the following: (1) the July 9, 1998, nunc pro tunc order is the sole basis on which OAPA has exercised its jurisdiction over relator; (2) the July 9, 1998, nunc pro tunc order was never signed by a judge and not journalized on the court docket; (3) when a judge fails to sign an entry, the error is considered a clerical error; (4) there was an attempt to journalize the July 9, 1998, nunc pro tunc order with Judge John Boggins's name on July 11, 2003, after he left the bench in 2001; and (5) when a trial court's journal entry is not journalized until after the trial judge has left the bench, the judgment is void and not final.

{¶ 18}  6. On January 19, 2024, relator filed a motion to consolidate the current case with *State ex rel. Duncan v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-771.

{¶ 19}  7. On January 22, 2024, OAPA filed a motion to dismiss relator's petition.

{¶ 20}  8. On February 5, 2024, relator filed a motion to stay.

{¶ 21} 9. On February 22, 2024, relator filed a motion to strike OAPA's February 6, 2024, reply.

{¶ 22} 10. On March 11, 2024, relator filed a motion for summary judgment.

{¶ 23} 11. On May 1, 2024, relator filed a motion to stay.

{¶ 24} 12. On July 12, 2024, relator filed a request for judicial notice.

{¶ 25} 13. On August 14, 2024, the magistrate issued an order converting OAPA's motion to dismiss into a motion for summary judgment and allowing the parties to file additional pleadings and any Civ.R. 56 evidentiary materials.

{¶ 26} 14. On September 6, 2024, relator filed a response to OAPA's motion for summary judgment.

{¶ 27} 15. On September 17, 2024, OAPA filed a reply to relator's response.

Conclusions of Law:

{¶ 28} For the reasons that follow, the magistrate recommends that this court grant OAPA's motion for summary judgment.

{¶ 29} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 30} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5.

{¶ 31} "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel.*

*Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

{¶ 32} Under Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 33} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. See *Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 34} In the present case, relator asserts in his January 2, 2024, petition that OAPA lacked jurisdiction to act based upon the facially invalid July 9, 1998, nunc pro tunc entry upon which the 2003, 2011, and 2019, parole hearings were wholly predicated. Relator claims the July 9, 1998, nunc pro tunc entry was not signed by a judge or journalized on a court docket; thus, it could not constitute the requisite lawful privilege to intentionally confine.

{¶ 35} In its motion for summary judgment, OAPA argues that the doctrine of res judicata and the law of the case bar further review of relator's claims. OAPA asserts that relator has raised the issue of the validity of the July 9, 1998, nunc pro tunc entry on multiple occasions in multiple jurisdictions, and in each instance, the courts determined that the July 9, 1998, nunc pro tunc entry is valid and controlled relator's incarceration time. Therefore, contends OAPA, because relator has already unsuccessfully challenged the validity of the July 9, 1998, nunc pro tunc order, relator may not use an action in prohibition to obtain another judicial review of the same issue.

{¶ 36} The magistrate finds the issues raised by relator's petition are barred by res judicata. The doctrine of res judicata "bars a party from relitigating the same issue or claim that has already been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding." *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, 174 Ohio St.3d 241, 2023-Ohio-3097, ¶ 15.

{¶ 37} In *Norris II*, relator filed a motion for relief from dormant judgment in the trial court, arguing that the July 9, 1998, nunc pro tunc entry was not properly journalized until July 11, 2003, more than five years after the entry was filed, and, pursuant to R.C. 2325.15 and 2325.17, the judgment became dormant. The trial court overruled the motion, and relator appealed. On appeal in *Norris II*, relator presented the following assignments of error: (1) the attempted journalization of the July 9, 1998, nunc pro tunc entry five years after its inception and back-dated to a date of the journal without judicial instruction or direction violates due process, rendering the procedure null and void; (2) res judicata is not applicable to the nunc pro tunc entry, which the state admits was not journalized on the docket or signed by the presiding judge; and (3) where there is no statutory or constitutional authority for revival of a criminal judgment that has not been executed within the five-year statutory time limitation in R.C. 2325.15, it is violative of due process for a deputy clerk to entertain a hybrid, after-the-fact, and ex parte procedure to revive such criminal sentence, fines, and costs outside the defendant's presence and the due-process protections of the Fourteenth Amendment.

{¶ 38} The court of appeals in *Norris II* held that res judicata applied to relator's claims regarding the July 9, 1998, nunc pro tunc entry. The court explained that on

August 9, 2006, relator filed in the trial court a Petition for Inquiry Into Certain Practices, in which relator asserted that the clerk of courts failed to journalize the July 9, 1998, nunc pro tunc sentencing entry in a timely fashion, and, thus, it was void and his conviction and sentence were improper. The trial court denied relator's motion, found the clerk of courts' criminal docket properly docketed the judgment entry, and ordered the clerk to refuse to accept for filing any additional pleadings from relator unless accompanied by the required docket fee and court cost fee. Although relator appealed this judgment in *Norris I*, he assigned as error only the portion of the court's entry ordering the clerk to refuse to accept any filings from him unless accompanied by the docket fee and court cost. *Norris II* at ¶ 15. The court in *Norris II* concluded that, because relator failed to challenge the court's ruling in *Norris I* that the July 9, 1998, entry was properly journalized, relator was prohibited by the doctrine of res judicata from asserting the same claim in *Norris II*. Thus, the court in *Norris II* held, the trial court's finding in *Norris I* that the July 9, 1998, entry, was timely journalized was the law of the case. Furthermore, the court found that relator's argument that improper revival of a dormant judgment was based upon his incorrect assertion the July 9, 1998, entry was not docketed until July 11, 2003; thus, in addition to the fact that the record reflected that the entry was, in fact, journalized properly, relator was also barred by res judicata from raising this claim again in *Norris II*. The res judicata finding in *Norris II* applies with equal force to relator's arguments in the present case.

{¶ 39} Furthermore, in *Norris I*, after rejecting relator's argument concerning the trial court's ordering that his future pleadings will require a prepayment of costs and fees, the appellate court noted that relator's brief once again challenged the trial court's sentencing entries, specifically the July 9, 1998, nunc pro tunc entry. The court in *Norris I* found that the July 9, 1998, nunc pro tunc entry had previously withstood various legal challenges by relator, and his present arguments regarding the entry were barred by the doctrine of res judicata. *Id.* at ¶ 17. The court in *Norris v. Welch*, 6th Dist. No. L-09-1212, 2009-Ohio-4598, ("*Norris III*"), affirmed by *Norris v. Welch*, 124 Ohio St.3d 203, 2010-Ohio-115, echoed the same sentiment, noting that "[t]he legal effect of the nunc pro tunc judgment entries [dated January 4, 1994, October 13, 1995, and July 9, 1998] and their validity has been the subject of 'unending' litigation by relator." *Id.* at ¶ 3. Thus, the courts

in *Norris I* and *III* acknowledged that relator has previously litigated the validity of the July 9, 1998, nunc pro tunc entry in other cases.

{¶ 40} For these reasons, the magistrate finds relator's arguments in the present case concerning the validity of the July 9, 1998, nunc pro tunc judgment entry are barred by res judicata. Relator has previously raised the same issues regarding the July 9, 1998, judgment entry in several cases and has had the opportunity to raise the same issues on multiple occasions. Relator specifically raised the contentions regarding the judge's signature and clerk's journalization of the July 9, 1998, nunc pro tunc judgment entry in *Norris II*. The courts in *Norris I* and *II* have already found that relator's challenges to the validity of the July 9, 1998, nunc pro tunc judgment entry are barred by res judicata. The court in *Norris III* agreed that the validity of the July 9, 1998, nunc pro tunc judgment entry has been the subject of "unending" litigation. *Norris III* at ¶ 3. Thus, because the claims raised in relator's petition for writ of prohibition are barred by res judicata, OAPA has demonstrated that there remain no genuine issues of material fact, and it is entitled to judgment as a matter of law. Furthermore, given this disposition, relator's pending motions are denied.

{¶ 41} Accordingly, the magistrate recommends that this court grant OAPA's motion for summary judgment with regard to relator's claims and deny relator's pending motions.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.