[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Norris v. Adult Parole Auth.*, "Slip Opinion" No. 2025-Ohio-5011.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5011

THE STATE EX REL. NORRIS, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Norris v. Adult Parole Auth.*, "Slip Opinion" No. 2025-Ohio-5011.]

*Prohibition—Inmate previously challenged validity of sentencing entry issued in his criminal case—Court of appeals' order granting summary judgment against inmate on res judicata grounds affirmed.*

(No. 2025-0320—Submitted July 8, 2025—Decided November 6, 2025.)

APPEAL from the Court of Appeals for Franklin County,

No. 24AP-7, 2025-Ohio-583.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Robert L. Norris, is serving a prison sentence and is eligible for periodic parole hearings. He filed a petition for a writ of prohibition in the Tenth District Court of Appeals against appellee, the Ohio Adult Parole Authority ("APA"). Norris believes that a sentencing entry issued in his criminal case was not signed by the judge who tried the case. Therefore, he argues, the entry is invalid and the APA lacks authority to hold parole hearings as to him and instead must "contact the committing court immediately." Because Norris had previously and unsuccessfully disputed the validity of the sentencing entries, the Tenth District granted summary judgment in favor of the APA on the basis of res judicata. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In 1993, Norris was convicted in the Stark County Court of Common Pleas on two counts of rape and one count of kidnapping and was sentenced to consecutive prison terms of 15 to 25 years on each count. The court of appeals affirmed the convictions and sentences on direct appeal. *State v. Norris*, 1995 WL 160552 (5th Dist. Feb. 21, 1995). In 1994, 1995, and 1998, the trial court issued a series of nunc pro tunc entries correcting errors in the 1993 sentencing entry. Norris attempted to appeal the 1998 nunc pro tunc entry, but the court of appeals dismissed the appeal, finding that the entry was not appealable.

{¶ 3} Norris is currently incarcerated at the Grafton Correctional Institution and eligible for periodic parole hearings before the APA. In January 2024, Norris filed this action for a writ of prohibition in the Tenth District Court of Appeals. Norris alleged in the petition that the trial judge's signature on the 1998 nunc pro tunc entry was forged and that the entry therefore was never properly journalized. Therefore, he argues, the entry is invalid and cannot be cured, the APA lacks authority to hold parole hearings as to him, and the APA is required—under a Department of Rehabilitation and Correction ("DRC") policy—to contact the trial

court immediately. As evidence, he submitted what he asserts is a report from a handwriting expert concluding that the signature was not written by the trial judge. Norris requests a writ prohibiting the APA from conducting parole hearings and "directing [the APA] to contact the committing court immediately."

{¶ 4} This case is not the first time Norris has challenged his sentence or the validity of the 1998 nunc pro tunc entry. The APA points to numerous cases Norris has brought challenging his sentence or the validity of the three nunc pro tunc entries since they were issued. Most relevant here, in *State v. Norris*, 2007-Ohio-2467, ¶ 12, 17 (5th Dist.) ("*Norris I*"), the Fifth District Court of Appeals affirmed a decision of the trial court denying motions in which Norris argued that the 1998 entry had not been properly journalized. *See State v. Norris*, 2018-Ohio-3482, ¶ 14 (5th Dist.) ("*Norris II*") (describing Norris's argument in *Norris I*). And in 2018, the Fifth District affirmed a decision of the trial court denying a motion in which Norris asked "for relief from dormant judgment" and argued that the 1998 entry had not been properly journalized or signed by the trial judge. *Norris II* at ¶ 11-12, 20. The Fifth District held in *Norris II* both that the claim was barred by res judicata and that "the record further reflects the entry was journalized properly." *Id.* at ¶ 18. Norris has also brought at least four habeas corpus actions and a mandamus action challenging his sentence, including actions against DRC employees. *See State ex rel. Norris v. Wainwright*, 2019-Ohio-4138, ¶ 1; *Norris v. Welch*, 2009-Ohio-4598, ¶ 8 (6th Dist.), citing *Norris v. Wilson*, 2005-Ohio-4594 (5th Dist.), and *Norris v. Konteh*, No. 98-T-0030 (11th Dist. Apr. 19, 1999).

{¶ 5} Here, the APA moved to dismiss Norris's prohibition complaint, arguing that the claim was barred by res judicata. The Tenth District converted the motion into a motion for summary judgment, *see* Civ.R. 12(B) and 56, and allowed the parties time to respond and file evidence. The court then granted summary judgment in the APA's favor. 2025-Ohio-583, ¶ 11 (10th Dist.). The court held that Norris's claim challenging the 1998 nunc pro tunc entry was barred by res

judicata and that he therefore could not show that his convictions or sentence were void or that the APA lacked jurisdiction to consider whether to release him on parole. *Id.* at ¶ 8-10.

{¶ 6} Norris has appealed as of right to this court.

## II. LEGAL ANALYSIS

### A. Norris's motion for leave to supplement the record

{¶ 7} After the close of briefing, Norris filed a motion for leave to supplement the record. In the motion, he asks that he be permitted to supplement the record with various communications he sent to DRC as well as DRC's responses. S.Ct.Prac.R. 15.08 "permits supplementation of the record but is limited to 'any part of the record [that] is not transmitted to the Supreme Court.'" (Bracketed text in original.) *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 9, quoting the rule. The documents Norris seeks to add are not part of the record. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16. Therefore, we deny the motion.

### B. Norris's claim is barred by res judicata

{¶ 8} We review de novo a court of appeals' order granting summary judgment in a prohibition action. *State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶ 8. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Civ.R. 56(C). To be entitled to a writ of prohibition, Norris must show that (1) the APA is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *See State ex rel. Save Your Courthouse Commt. v. Medina*, 2019-Ohio-3737, ¶ 23.

{¶ 9} Norris argues that the Tenth District erred when it granted summary judgment in the APA's favor on the basis of res judicata. We disagree.

{¶ 10} "'Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit.'" *State ex rel. Woods v. Jenkins*, 2024-Ohio-1753, ¶ 7, quoting *Hughes v. Calabrese*, 2002-Ohio-2217, ¶ 12. There is no indication in the record that Norris has previously challenged the APA's authority to consider whether to release him on parole, but courts have previously rejected the underlying basis of his claim—that the nunc pro tunc sentencing entry issued in 1998 in his criminal case was not properly signed or journalized. *See Norris I*, 2007-Ohio-2467, at ¶ 12, 17 (5th Dist.); *Norris II*, 2018-Ohio-3482, at ¶ 11-12, 14, 18 (5th Dist.). It is not entirely clear from the record whether Norris previously argued that the trial judge's signature on the entry was forged, but Norris could have raised this argument in his previous challenges to the entry's signature and journalization. *See State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 2013-Ohio-1911, ¶ 5 (noting that journalization is "documented by the judge's signature and the stamp of the clerk of court"). Moreover, although it is not clear from the record whether Norris ever brought a similar claim against the APA, he has brought similar claims against the State of Ohio and DRC employees. Privity exists between such state actors because they share a mutual interest in preserving the finality of convictions. *See State ex rel. Jackson v. Ambrose*, 2017-Ohio-8784, ¶ 15; *see also State ex rel. Alford v. Adult Parole Auth.*, 2017-Ohio-8773, ¶ 4-7 (denying on the basis of res judicata inmate's claim against the APA that was similar to a claim he previously asserted against a warden).

{¶ 11} Because Norris could have raised the alleged forgery in a previous challenge to the 1998 entry, he may not do so now. Moreover, to the extent that Norris is arguing that the APA may not consider whether to release him on parole because his convictions and sentence are invalid, as the Tenth District Court of Appeals noted in 2006 about the nunc pro tunc entries, "it has been repeatedly held

that the nunc pro tunc entries filed in this matter were to correct prior defects in the entries and in no way affect [Norris's] fundamental rights," *Norris v. Dept. of Rehab. & Corr.*, 2006-Ohio-1750, ¶ 11 (10th Dist.) (listing cases); *see also id.* at ¶ 2.

{¶ 12} Norris argues that he could not have challenged the trial judge's signature on direct appeal, noting that the 1998 entry that he attempted to appeal does not constitute a final order, as the court of appeals determined when it dismissed that appeal. However, res judicata also bars claims that could have been litigated in a previous lawsuit, *Woods* at ¶ 7, and we have held that res judicata barred claims that inmates previously raised in writ cases or postconviction proceedings, *see id.* at ¶ 8; *State ex rel. Love v. O'Donnell*, 2017-Ohio-5659, ¶ 6. At a minimum, Norris could have asserted his forgery argument in *Norris I* and *Norris II*.

### III. CONCLUSION

{¶ 13} Sixteen years ago, the Sixth District Court of Appeals wrote that "[t]he legal effect of the nunc pro tunc judgment entries [issued in 1994, 1995, and 1998] and their validity has been the subject of unending litigation by Norris." *Welch*, 2009-Ohio-4598, at ¶ 3 (6th Dist.). Norris has not ceased his litigation since then. Multiple courts have held that Norris's convictions and sentence are valid, and the Tenth District Court of Appeals correctly held that his newest complaint was barred by res judicata. Therefore, we affirm the Tenth District's judgment granting summary judgment in the APA's favor. In addition, we deny Norris's motion for leave to supplement the record.

Judgment affirmed.

––––––––––––––––––

Robert L. Norris, pro se.

Dave Yost, Attorney General, and Marcy Vonderwell, Assistant Attorney General, for appellee.

January Term, 2025

_____